ROBBINS GELLER RUDMAN
    & DOWD LLP
AELISH M. BAIG (201279)
JACOB G. GELMAN (344819)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
aelishb@rgrdlaw.com
jgelman@rgrdlaw.com

ROBBINS GELLER RUDMAN
    & DOWD LLP
STUART A. DAVIDSON (*pro hac vice*)
ALEXANDER C. COHEN (*pro hac vice*)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com
acohen@rgrdlaw.com

Attorneys for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD MARSCHKE, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>      vs.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>                  Defendants. | Case No. 3:22-cv-06987-JD<br><br>PLAINTIFF'S NOTICE OF CONSENT MOTION AND MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date: July 13, 2023<br>Time: 10:00 a.m.<br>Courtroom 11, 19th Floor<br>Judge: Honorable James Donato |

4880-1750-6665.v1

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ...................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................................1

I.      INTRODUCTION ..........................................................................................................1

II.     BRIEF PROCEDURAL BACKGROUND ....................................................................2

III.    ARGUMENT .................................................................................................................4

       A.     Legal Standards................................................................................................4

       B.     Good Cause to Modify the Scheduling Order Is Shown as Plaintiff Has
            Diligently Prosecuted This Action, but No Longer Wishes to Participate ..............5

       C.     Justice Requires Leave to Amend Be Granted to Substitute Named
            Plaintiffs ..........................................................................................................6

       D.     Defendants Will Suffer No Prejudice if the Court Grants Plaintiff Leave to
            Amend the Complaint .......................................................................................6

            1.     Granting Plaintiff Leave to Amend Will Not Materially Change the
                  Scope of Discovery in This Case ................................................................7

            2.     The SAC Will Not Delay the Proceedings or Extend the
                  Remaining Deadlines in the Scheduling Order............................................7

       E.     There Is No Evidence of Undue Delay, Bad Faith, or Repeated Failure to
            Cure Deficiencies by Prior Amendments ........................................................7

       F.     Plaintiff's Amendment Is Not Futile................................................................8

IV.    CONCLUSION..............................................................................................................8

1

**TABLE OF AUTHORITIES**

2

**Cases**                                                                                                           **Page**

3

*Aguilar v. Boulder Brands, Inc.*
    No. 3:12-cv-01862-BTM-BGS, 2014 WL 4352169 (S.D. Cal. Sept. 2, 2014) ........................5

4

*Bradley v. T-Mobile US, Inc.*,
    No. 17-cv-07232-BLF, 2019 WL 2358972 (N.D. Cal. June 4, 2019) ....................................5

5

*Brown v. Stored Value Cards, Inc.*,
    953 F.3d 567 (9th Cir. 2020) .................................................................................................3

6

7

*Buchanan v. Tata Consultancy Servs., Ltd.*,
    No. 15-cv-01696-YGR, 2017 WL 6611653 (N.D. Cal. Dec. 27, 2017)..................................6

8

*DRK Photo v. McGraw-Hill Glob. Educ. Holdings*,
    870 F.3d 978 (9th Cir. 2017) .................................................................................................4

9

10

*Eminence Cap., LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) ...........................................................................................4, 6

11

*Foman v. Davis*,
    371 U.S. 178 (1962)...............................................................................................................4

12

13

*Hurn v. Ret. Fund Tr. of the Plumbing, Heating & Piping Ind. of S. Calif.*,
    648 F.2d 1252 (9th Cir. 1981) ..............................................................................................8

14

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) .................................................................................................4

15

16

*Joshua v. City & Cnty. of San Francisco*,
    No. 14-cv-05394-JD, 2015 WL 6152482 (N.D. Cal. Oct. 20, 2015) .....................................4

17

*Osuegbu v. AMN Healthcare, Inc.*,
    No. 3:16-cv-02816 JCS, 2016 WL 11735439 (N.D. Cal. Aug. 25, 2016)..............................6

18

19

*Phillips v. Ford Motor Co.*,
    435 F.3d 785 (7th Cir. 2006) .................................................................................................4

20

*Roling v. E*Trade Sec. LLC*,
    279 F.R.D. 522 (N.D. Cal. 2012)...........................................................................................8

21

22

*S.F. Baykeeper v. City of Sunnyvale*,
    No. 5:20-cv-00824-EJD, 2022 WL 1914313 (N.D. Cal. June 3, 2022) .............................5, 7

23

*Trans Bay Cable LLC v. M/V Ocean Life*,
    No. 14-cv-04854-JD, 2015 WL 7075618 (N.D. Cal. Nov. 13, 2015) ....................................4

24

25

*Turrey v. Vervent, Inc.*,
    No. 20-CV-0697 DMS (AHG), 2021 WL 5042120 (S.D. Cal. Oct. 28, 2021) ......................4

26

*United States v. United Healthcare Ins. Co.*,
    848 F.3d 1161 (9th Cir. 2016) ..............................................................................................8

27

28

1

2                                                                                    **Page**

3   *Wade v. Kirkland*,
        118 F.3d 667 (9th Cir. 1997) .......................................................................................6

4

**STATUTES, RULES, AND REGULATIONS**

5

Federal Rules of Civil Procedure

6       Rule 15 ....................................................................................................3, 4, 5, 6
        Rule 15(a)...............................................................................................................1

7       Rule 15(a)(2) ......................................................................................................4, 6
        Rule 16 ...................................................................................................................4

8       Rule 16(b)(4) ......................................................................................................1, 4
        Rule 26(a)(1) ..........................................................................................................3

9       Rule 26(f) ...............................................................................................................5

10  Illinois' Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ......................2, 6, 8

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on July 13, 2023, at 10:00 a.m., before the Honorable James Donato, United States District Court Judge, at the United States District Court, Northern District of California, San Francisco Division, 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San Francisco, California 94102, Plaintiff Brad Marschke ("Plaintiff") hereby brings this consent motion pursuant to Rules 15(a) and 16(b)(4) of the Federal Rules of Civil Procedure to modify the Court's Scheduling Order (ECF 70) to permit the filing of this motion to amend, and for leave to file the [Proposed] Second Amended Class Action Complaint ("SAC").[1]  This motion is based on this Notice of Consent Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Davidson Declaration and exhibits thereto, all pleadings and papers filed herein, arguments of counsel, and any other matters properly before the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

With Defendants' consent, Plaintiff seeks leave to amend the operative Amended Complaint (ECF 52) to substitute a new named plaintiff, Nathan Colombo ("Colombo"), for Plaintiff.  Plaintiff no longer wishes to pursue his claims against Defendants YouTube, LLC ("YouTube") and Google LLC (collectively, "Defendants") due to the time commitment necessary to participate in the discovery process.  Davidson Decl., ¶6.  Colombo, however, is committed to vigorously prosecuting the claims in this case, does not believe he has any interests that are antagonistic to the putative Class, is willing and able to act and serve as a fiduciary to the putative Class, and is willing and able to respond to discovery Defendants serve on him and to prepare and sit for a deposition.  *See* Davidson Decl., ¶7.

---

[1]    A redlined version of the SAC showing the proposed changes is attached to the Declaration of Stuart A. Davidson ("Davidson Declaration" or "Davidson Decl."), filed herewith, as Exhibit 1, and a clean version of the SAC, which will be filed given the Court's leave, is attached thereto as Exhibit 2.

1    Other than the facts specific to Colombo, Colombo does not intend to change any other

2 substantive allegations in his proposed SAC. *See id.* ¶22. For this reason, the parties request that

3 the Court proceed to rule on Defendants' Notice of Motion and Motion to Dismiss Amended Class

4 Action Complaint (ECF 60) ("Motion to Dismiss") – which is fully briefed and pending – and

5 deem that existing Motion to Dismiss as having satisfied Defendants' obligations to answer or

6 otherwise respond to the proposed SAC. In reviewing the previously filed Motion to Dismiss, the

7 parties request that the Court simply substitute the name "Nathan Colombo" for "Brad Marschke,"

8 wherever that name appears in the Motion to Dismiss, opposition (ECF 71), reply (ECF 79), and

9 the related briefing on Defendants' Request for Judicial Notice ("RJN") (ECF 61, 72, 80). Should

10 the Court so request, the parties will prepare and submit amended briefing to this effect.

11    This case is at its relative infancy and good cause exists to modify the Scheduling Order to

12 permit the filing of the SAC. Plaintiff's counsel only recently learned that Plaintiff is not able to

13 dedicate the time necessary to participate in the discovery process in this case and, thus, they are

14 timely seeking leave to amend. The relief sought will not unreasonably delay the proceedings.

15 Trial is not scheduled until February 24, 2025 (ECF 70 at 2). Other than additional discovery from

16 Defendants relating to Colombo, Plaintiff's counsel envision no additional discovery from

17 Defendants at this time or as a result of the proposed amendment. While Defendants have served

18 discovery requests on Plaintiff, which Plaintiff's counsel had been working diligently to complete,

19 Plaintiff's counsel have already begun drafting discovery responses on Colombo's behalf to ensure

20 that no significant delay in the discovery process occurs. Further, Plaintiff's counsel appreciate

21 the time and resources the Court may have already spent on an order with respect to Defendants'

22 pending Motion to Dismiss (ECF 60) and RJN (ECF 61). In light of the limited changes in the

23 proposed SAC, only relating to facts specific to Colombo, Plaintiff's counsel respectfully submits

24 that the work the Court may have already expended will not go to waste.

25 **II.    BRIEF PROCEDURAL BACKGROUND**

26    On August 30, 2022, Plaintiff filed his initial Class Action Complaint and Demand for Jury

27 Trial in the United States District Court for the Southern District of Illinois (ECF 1) ("Complaint"),

28 alleging Defendants' violations of Illinois' Biometric Information Privacy Act ("BIPA"),

1  740 ILCS 14/1, *et seq.*  By Joint Stipulation to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)

2  (ECF 25), this case was transferred to this District on November 8, 2022 (ECF 27).

3          Defendants moved to dismiss the initial Complaint on November 21, 2022 (ECF 43).  Prior

4  to filing any opposition to the Motion to Dismiss, Plaintiff filed an Amended Complaint on

5  December 12, 2022 (ECF 52).

6          Defendants moved to dismiss the Amended Complaint on January 31, 2023 (ECF 60) and

7  requested that the Court take judicial notice of various documents (ECF 61).

8          The parties filed a Joint Case Management Statement on February 2, 2023 (ECF 63), and

9  the Court entered the Scheduling Order on March 6, 2023 (ECF 70). The Scheduling Order set

10 **May 8, 2023** as the parties' deadline to "[a]dd parties or amend pleadings (with the Court's leave,

11 unless permitted as a matter of right under the Fed. R. Civ. P.").  *Id.* at 1.

12          The parties served their initial disclosures under Fed. R. Civ. P. 26(a)(1) on February 10,

13 2023.  Plaintiff served discovery requests on Defendants on March 30, 2023, and Defendants

14 served discovery requests on Plaintiff on April 7, 2023.  Davidson Decl., ¶5.

15          In the process of completing Plaintiff's discovery responses, Plaintiff's counsel learned

16 that Plaintiff is not able to dedicate the time necessary to participate in the discovery process in

17 this case. *Id.* ¶6.

18          Colombo retained Plaintiff's counsel for the purpose of prosecuting this case on the

19 putative Class' behalf on May 15, 2023. *Id.* ¶7.

20          On May 23, 2023, Plaintiff's counsel held a Zoom conference with Defendants' counsel to

21 discuss, among other things, Plaintiff's counsel's desire to file a SAC.  Defendants' counsel

22 consented to this motion and do not oppose the filing of the SAC.  Davidson Decl., ¶8.

23

24

25

26

27

28

1

## III.    ARGUMENT

2

### A.    Legal Standards

3    "Requests for leave to amend should be granted with extreme liberality." *Brown v. Stored*

4    *Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020).[2]   However, before a court undertakes the

5    Rule 15 analysis in a case like this, where the deadline for filing a motion to amend has passed, it

6    must consider whether there is "good cause" to modify the scheduling order under Rule 16(b)(4).

7    *DRK Photo v. McGraw-Hill Glob. Educ. Holdings*, 870 F.3d 978, 989 (9th Cir. 2017); *see also*

8    *Joshua v. City & Cnty. of San Francisco*, No. 14-cv-05394-JD, 2015 WL 6152482, at *1 (N.D. Cal.

9    Oct. 20, 2015).  "Rule 16(b)'s good cause standard primarily considers the diligence of the party

10    seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.

11    1992); *see also Trans Bay Cable LLC v. M/V Ocean Life*, No. 14-cv-04854-JD, 2015 WL 7075618,

12    at *1 (N.D. Cal. Nov. 13, 2015)  "[T]he focus of the [Rule 16] inquiry is upon the moving party's

13    reasons for seeking modification." *Johnson*, 975 F.3d at 609.

14    On the other hand, "[p]rejudice is the touchstone of the inquiry under rule 15(a)" when a

15    court considers granting leave to amend pleadings, and it is the "consideration of prejudice to the

16    opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d

17    1048, 1052 (9th Cir. 2003).  "Absent prejudice, or a strong showing of any of the remaining *Foman*

18    factors, there exists a ***presumption*** under Rule 15(a) in favor of granting leave to amend." *Id.*

19    (emphasis in original).[3]   Rule 15 further directs that a "court should freely give leave when justice

20    so requires." Fed. R. Civ. P. 15(a)(2).

21

22

23

24

25    ─────────────────────

[2]    Citations, internal quotations, and footnotes omitted and emphasis added unless otherwise

26    indicated.

[3]    The Supreme Court's decision in *Foman v. Davis*, 371 U.S. 178, 182 (1962), suggested the

27    following factors for courts to consider when evaluating motions for leave to amend: undue delay,
bad faith by the movant, repeated failure to cure deficiencies previously allowed, undue prejudice

28    to the opposing party if leave were to be granted, and futility of amendment.

### B. Good Cause to Modify the Scheduling Order Is Shown as Plaintiff Has Diligently Prosecuted This Action, but No Longer Wishes to Participate

Good cause exists to modify the case schedule under Rule 16 to allow for the filing of the SAC. "Substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ('routine') feature of class action litigation . . . in the federal courts[.]" *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006). "Where plaintiffs and their counsel move diligently to find replacements, district courts often permit them to do so." *Turrey v. Vervent, Inc.*, No. 20-CV-0697 DMS (AHG), 2021 WL 5042120, at *2 (S.D. Cal. Oct. 28, 2021). In *Aguilar v. Boulder Brands, Inc.*, for example, the court found:

> [T]he weight of authority allows for a sole named plaintiff and proposed class representative to be substituted prior to class certification when the current plaintiff has not settled her claims or had her claims dismissed and intends to become part of the class, such that her claims persist and the case or controversy remains active, and when plaintiff's counsel is able to produce a proposed substitute immediately.

No. 3:12-cv-01862-BTM-BGS, 2014 WL 4352169, at *9 (S.D. Cal. Sept. 2, 2014). Here, class certification briefing does not commence until May 2024, Plaintiff is not settling his claims against Defendants, nor has the Court dismissed his claims, and Plaintiff's counsel produced a proposed substitute – Colombo – immediately after learning of Plaintiff's interest in withdrawing as a named plaintiff in this case. Up until this point, there had been no indication that Plaintiff would not fully participate in this case. *See Bradley v. T-Mobile US, Inc.*, No. 17-cv-07232-BLF, 2019 WL 2358972, at *2 (N.D. Cal. June 4, 2019). Thus, good cause clearly exists to modify the Scheduling Order to permit the filing of a SAC after the deadline to amend passed, which, in any event, only occurred a few weeks ago, but was still before Plaintiff had indicated his desire to withdraw.

Moreover, Plaintiff has pursued the rest of this case as diligently as he is currently seeking amendment. *See S.F. Baykeeper v. City of Sunnyvale*, No. 5:20-cv-00824-EJD, 2022 WL 1914313, at *2 (N.D. Cal. June 3, 2022). Plaintiff served discovery on Defendants shortly after the parties met and conferred under Rule 26(f) to prepare a Joint Case Management Statement, his counsel have been diligently preparing responses to Defendants' discovery requests, and they have taken no action that could suggest they have engaged in any delay of these proceedings. Notably,

1  Plaintiff brings this motion shortly after learning of Plaintiff's desire to no longer participate in

2  this case, and seeks **no** other modification to the case schedule.

3        **C.    Justice Requires Leave to Amend Be Granted to Substitute Named
   Plaintiffs**

4

5        Rule 15 directs that a "court should freely give leave when justice so requires."  Fed. R.

6  Civ. P. 15(a)(2).  "[S]ubstitution of new named plaintiffs is freely allowed to protect the rights of

7  putative class members when the original named Plaintiff is no longer adequate to represent the

8  Class."  *Osuegbu v. AMN Healthcare, Inc.*, No. 3:16-cv-02816 JCS, 2016 WL 11735439, at *2

9  (N.D. Cal. Aug. 25, 2016) (citing *Wade v. Kirkland*, 118 F.3d 667, 670 (9th Cir. 1997)).

10        Here, absent leave to substitute Colombo as named plaintiff in this action, putative Class

11  members' claims under the BIPA will not be pursued and, thus, they will be substantially

12  prejudiced.  Colombo is ready, willing, and able to commit to representing the putative Class

13  through discovery, class certification, summary judgment, and trial.  *See* Davidson Decl., ¶7.  The

14  Court should allow him to do so.

15        **D.    Defendants Will Suffer No Prejudice if the Court Grants Plaintiff
   Leave to Amend the Complaint**

16

17        Prejudice is the most important factor in determining whether leave to amend should be

18  granted under Rule 15, and it is Defendants' burden to demonstrate they will face not just

19  inconvenience or expense but undue prejudice.  *Eminence*, 316 F.3d at 1052.  "Prejudice to the

20  defendant occurs where amendment would increase the burden of necessary future discovery, or

21  require[] that the defendant develop entirely different defenses."  *Buchanan v. Tata Consultancy*

22  *Servs., Ltd.*, No. 15-cv-01696-YGR, 2017 WL 6611653, at *6 (N.D. Cal. Dec. 27, 2017).

23  Defendants will not be prejudiced by the filing of the SAC and, in fact, they consent to this motion.

24  The SAC adds no new defendants, no new causes of action, and no new substantive allegations

25  other than relating specifically to Colombo.  Thus, Defendants' pending Motion to Dismiss and

26  RJN (ECF 60-61, 71-72, 79-80) will apply in substantively all respects to the SAC as it does to the

27  current Amended Complaint.  So, too, will any work the Court has already expended drafting

28  orders relating to those motions.

1    **1.    Granting Plaintiff Leave to Amend Will Not Materially**
2    **Change the Scope of Discovery in This Case**

3        Permitting filing of the SAC will not materially change the amount of discovery in this

4    case.  Discovery targeted to Defendants has already been served, and Plaintiff does not presently

5    intend to serve additional discovery, except discovery specifically relating to Colombo, until

6    Plaintiff's counsel has had an opportunity to review Defendants' forthcoming document

7    production(s), interrogatory answers, and responses to requests for admission.  As for Defendants'

8    discovery requests served on Plaintiff, Plaintiff's counsel has already begun in earnest to complete

9    responses for Colombo and collect Colombo's responsive documents.

10        Moreover, as noted above, Plaintiff's legal theories or factual allegations, beyond those

11    directly relating to the named plaintiff, are not changing in the SAC; Plaintiff only seeks to

12    amended the SAC to substitute named plaintiffs.

13    **2.    The SAC Will Not Delay the Proceedings or Extend the**
14    **Remaining Deadlines in the Scheduling Order**

15        The filing of the SAC would not require any additional changes to the Scheduling Order.

16    *S.F. Baykeeper*, 2022 WL 1914313, at *3.  Moreover, the deadline to amend the pleadings just

17    passed a few weeks ago, and Plaintiff brings this motion shortly after learning of Plaintiff's desire

18    not to participate in discovery, each of which militates against a finding of delay of the

19    proceedings.

20        Admittedly, the filing of the SAC does ordinarily moot Defendants' pending Motion to

21    Dismiss and RJN (ECF 60-61).  However, the parties have agreed that, because the proposed SAC

22    only changes the names of the plaintiffs and not any other substantive allegation, the Court may

23    still rule on the Motion to Dismiss and RJN.  Moreover, discovery will continue, and no other

24    changes to the Scheduling Order are required or sought.

25    **E.    There Is No Evidence of Undue Delay, Bad Faith, or Repeated Failure**
26    **to Cure Deficiencies by Prior Amendments**

27        For the reasons explained above, Defendants will not be prejudiced if Plaintiff is granted

28    leave to file the SAC and, in fact, consent to the amendment.  There has been no undue delay.  In

1    any event, even "[d]elay alone does not provide sufficient grounds for denying leave to amend."

2    *Hurn v. Ret. Fund Tr. of the Plumbing, Heating & Piping Ind. of S. Calif.*, 648 F.2d 1252, 1254

3    (9th Cir. 1981); *see also Roling v. E*Trade Sec. LLC*, 279 F.R.D. 522, 525 (N.D. Cal. 2012)

4    ("[W]hether Plaintiffs unduly delayed is not dispositive because undue delay by itself is not

5    enough to bar an amendment.  The critical issues instead are futility and prejudice.").

6        There is also no bad faith or dilatory motive in Plaintiff seeking leave to amend.  For the

7    reasons explained above, Plaintiff is filing this motion diligently; the delay, if any, resulting from

8    filing the SAC will be minimal, if any.  Additionally, this is not a case where there has been a

9    repeated failure to cure deficiencies by amendments previously allowed.

10        **F.    Plaintiff's Amendment Is Not Futile**

11        Finally, the SAC does not suffer from futility of amendment. Amendment is not futile so

12    long as the complaint "alleges a cognizable legal theory[.]"  *United States v. United Healthcare*

13    *Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).  The allegations here are that Defendants violated

14    the BIPA through its Face Blur tool and Thumbnail generator on their YouTube platform.  The

15    Court has not yet ruled on the sufficiency of Plaintiff's allegations. Thus, it would be improper to

16    find that the SAC is futile before first reaching a decision on the sufficiency of Plaintiff's BIPA

17    allegations.

18    **IV.    CONCLUSION**

19        For the reasons stated above, Plaintiff requests that the Court: (a)  modify the Scheduling

20    Order to permit the filing of this motion; (b) grant Plaintiff leave to amend the pleading and file

21    the SAC; and (c) grant such other and further relief as the Court deems just and proper.

22     DATED:  June 8, 2023                ROBBINS GELLER RUDMAN
                                            & DOWD LLP
23                                        STUART A. DAVIDSON (*pro hac vice*)
                                          ALEXANDER C. COHEN (*pro hac vice*)
24

25                                             *s/ Stuart A. Davidson*
                                          STUART A. DAVIDSON
26

27

28

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com
acohen@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
AELISH M. BAIG
JACOB G. GELMAN
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
aelishb@rgrdlaw.com
jgelman@rgrdlaw.com

MILBERG COLEMAN BRYSON
  PHILLIPS GROSSMAN, PLLC
GARY M. KLINGER
221 West Monroe Street, Suite 2100
Chicago, IL  60606
Telephone:  866/252-0878
gklinger@milberg.com

MILBERG COLEMAN BRYSON
  PHILLIPS GROSSMAN, PLLC
JONATHAN B. COHEN
800 South Gay Street, Suite 1100
Knoxville, TN  37929
Telephone: 865/247-0080
jcohen@milberg.com

MILBERG COLEMAN BRYSON
  PHILLIPS GROSSMAN, PLLC
NICK SUCIU, III
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI  48301
Telephone:  313/303-3472
nsuciu@milberg.com

Attorneys for Plaintiff

PLAINTIFF'S NOTICE OF CONSENT MOTION AND MOTION FOR LEAVE TO FILE [PROPOSED]
SECOND AMENDED CLASS ACTION COMPLAINT – 3:22-cv-06987-JD                              - 9 -
4880-1750-6665.v1