UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN COLOMBO, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>                    Defendants. | Case No. 3:22-cv-06987-JD<br><br>[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

4905-3329-4892.v2

WHEREAS, an action is pending before this Court entitled *Colombo v. YouTube, LLC and Google LLC*, No. 3:22-cv-06987-JD ("Action");

WHEREAS, Plaintiff has moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the settlement of the Action ("Plaintiff's Motion," ECF ___), in accordance with a Settlement Agreement filed on May 21, 2025 (ECF ___) ("Settlement Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the exhibits annexed thereto;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement; and

WHEREAS, the Court has read and considered Plaintiff's Motion, and finds that there is a sufficient basis for granting preliminary approval of the settlement memorialized by the Settlement Agreement ("Settlement"), authorizing dissemination of notice, and authorizing the steps needed to determine whether the Settlement should be finally approved and the litigation dismissed.

NOW, THEREFORE IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Settlement Class:

> All residents of the State of Illinois who uploaded a video to YouTube on which Face Blur was run.[1]

---

[1] Excluded from this definition are: (a) any Judge, Magistrate Judge, or mediator presiding over this Action and members of their families; (b) Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which Defendants or its parents have a controlling interest and its current or former employees, officers, and directors; (c) persons who properly execute and file a timely request for exclusion from the Settlement Class; (d) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (e) Plaintiff's counsel and Defendants' counsel; and (f) the legal representatives, successors, and assigns of any such excluded persons.

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 3:22-cv-06987-JD                                                                                                           - 1 -
4905-3329-4892.v2

2. Based on the information provided: the Settlement Class is ascertainable; it consists of thousands of Settlement Class Members satisfying numerosity; there are common questions of law and fact, including whether Defendant YouTube, LLC's and Google LLC's (collectively, "YouTube" or "Defendants") use of the Face Blur feature violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et. seq.*, satisfying commonality; the proposed Class Representative's claim is typical in that he is a Member of the Settlement Class and alleges that he uploaded a video to YouTube on which Face Blur was run and that he has been damaged by the same conduct as the other Members of the Settlement Class; the proposed Class Representative and Class Counsel fully, fairly, and adequately protect the interests of the Settlement Class; questions of law and fact common to Members of the Settlement Class predominate over questions affecting only individual Members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

3. For purposes of settlement only, the Court appoints Plaintiff Nathan Colombo as the Class Representative and the Court appoints the law firms of Robbins Geller Rudman & Dowd LLP and Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel.

4. The proposed Settlement is preliminarily approved as likely to be approved under Fed. R. Civ. P. 23(e)(2) and as meriting notice to the Settlement Class for its consideration. Considering the factors set forth in Fed. R. Civ. P. 23(e)(2), the Court preliminarily finds as follows:

(a) Class Representative and Class Counsel have adequately represented the Settlement Class;

(b) the Settlement was the result of serious, informed, non-collusive negotiations at arms-length with the assistance of Shirish Gupta of JAMS, a well-respected and experienced private mediator;

(c) the relief provided to the Settlement Class is adequate given the risks and uncertainty of continued litigation and trial; and

(d)     the proposal treats all Settlement Class Members equitably relative to each other.

5.    The Court finds that the terms of the Settlement are sufficiently fair, reasonable, and adequate to allow dissemination of the Notice to Members of the Settlement Class.  This determination is not a final finding that the Settlement is fair, reasonable and adequate, but it is a determination that the Settlement is within the range of reasonableness as to disseminate notice to the Settlement Class and hold a hearing on final approval of the proposed Settlement.

6.    A hearing (the "Final Approval Hearing") shall be held before this Court on _____, 2025, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Courtroom _____ to determine (a) whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to Settlement Class Members and should be approved by the Court; (b) whether a Final Judgment should be entered; (c) whether the proposed plan of allocation is fair, reasonable, and adequate and should be approved; (d) the Fee Award that should be awarded to Class Counsel; and (e) any award to the Class Representative.  The Final Approval Hearing may be postponed, adjourned, or continued by further order of this Court, without further notice to the parties or Members of the Settlement Class.

7.    The Court appoints and designates Verita Global, LLC, as the Settlement Administrator and it shall be required to perform all of the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.  The Settlement Administrator shall provide Notice as set forth in Section 6 of the Settlement Agreement.

8.    To the extent it has not already done so, within fourteen (14) calendar days after entry of this Order, Defendants shall produce to the Settlement Administrator the Direct Notice List.

9.    Within thirty-five (35) calendar days after entry of this Order, the Settlement Administrator shall: (a) disseminate notice of the pendency and settlement of this Action to each email address included on the Direct Notice List substantially in the form attached as Exhibit B to

1  the Settlement Agreement, with a link to a Spanish language version; (b) cause the Notice
2  substantially in English and Spanish in the form attached as Exhibit A to the Settlement
3  Agreement, relevant Court documents, and frequently asked questions and answers to be posted
4  to the Settlement Website; and (c) arrange for an Internet banner ad campaign generating
5  approximately 1.865 million impressions targeting Illinois YouTube users and Illinois adults 25-
6  54 years of age via the Meta Audiences Network.  No later than the date fourteen (14) calendar
7  days before the Claims Deadline, the Settlement Administrator shall send a reminder notice
8  substantially in the form attached as Exhibit B to the Settlement Agreement, with a link to a
9  Spanish language version, to each email address included on the Direct Notice List.

10       10.   The Court finds that the distribution of the Notice, substantially in the manner and
11  forms set forth in this Order meet the requirements of Fed. R. Civ. P. 23 and due process, and is
12  the best notice practicable under the circumstances and shall constitute due and sufficient notice
13  to all persons entitled thereto.

14       11.   The Settlement Website and Notice shall provide an address (U.S. mail and email)
15  for the purpose of receiving requests for exclusion from the Settlement Class and shall include the
16  ability to file claims online.  Settlement Class Members shall have until [claims date] to submit a
17  Claim Form substantially in the form attached as Exhibit C to the Settlement Agreement, the
18  content and form of which the Court approves.

19       12.   No later than [date], Plaintiff must file his papers in support of Class Counsel's
20  application for attorneys' fees and expenses, and no later than [date], Plaintiff must file his papers
21  in support of final approval of the Settlement Agreement and in response to any objections.

22       13.   All persons who meet the definition of the Settlement Class and who wish to
23  exclude themselves from the Settlement Class must submit their request for exclusion in writing
24  to the Settlement Administrator, postmarked no later than the Objection/Exclusion deadline of
25  [date].  To exercise the right to be excluded, a Settlement Class Member must timely send a written
26  request for exclusion to the Settlement Administrator providing his/her name, address, email,
27  signature, the name and number of the Action, and a statement that he or she wishes to be excluded
28

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 3:22-cv-06987-JD                                                                                                          - 4 -
4905-3329-4892.v2

from the Settlement Class for purposes of the Settlement Agreement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the person(s) serving such a request shall remain a Member(s) of the Settlement Class and shall be bound as a Settlement Class Member by the Settlement Agreement, if approved. Any Member of the Settlement Class who validly elects to be excluded from the Settlement Agreement shall not: (a) be bound by any orders or the Final Judgment; (b) be entitled to relief under the Settlement Agreement; (c) gain any rights by virtue of the Stipulation; or (d) be entitled to object to any aspect of the Settlement Agreement. The request for exclusion must be personally signed by the person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified in this Order and the Notice.

14. Any Settlement Class Member who intends to object to the Settlement Agreement and/or the request for a Fee Award, must present the objection in writing only to the Court, which must be personally signed by the objector, and must include: (a) the objector's name, address, and email; (b) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (c) whether the objection applies only to the objector, a subset of the Settlement Class, or the entire Settlement Class; (d) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (e) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, who must enter an appearance with the Court in accordance with the Local Rules; and (f) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel).

15. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Order and as detailed in the Notice, and at the same time provide copies to

1  designated counsel for the Parties, shall not be permitted to object to the Settlement Agreement at
2  the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement
3  Agreement by appeal or other means and shall be deemed to have waived his or her objections and
4  be forever barred from making any such objections in the Action or any other action or proceeding.

5      16.    All funds held by the Escrow Agent shall be deemed and considered to be in
6  *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such
7  funds shall be distributed pursuant to the Stipulation and/or further order (s) of the Court.

8      17.    Neither Defendants nor their counsel shall have any responsibility for the plan of
9  allocation or any application for attorneys' fees or expenses submitted by Class Counsel, and such
10 matters will be considered separately from the fairness, reasonableness, and adequacy of the
11 Settlement Agreement.

12     18.    Neither the Settlement Agreement, nor the Settlement contained therein, nor any
13 act performed or document executed pursuant to or in furtherance of the Settlement Agreement:
14 (a) is, may be deemed, or shall be used, offered or received against the Released Parties, or each
15 or any of them, as an admission, concession or evidence of, the validity of any Released Claims,
16 the truth of any fact alleged by Plaintiff, the deficiency of any defense that has been or could have
17 been asserted in the Action, the violation of any law or statute, the reasonableness of the Settlement
18 amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the
19 Released Parties, or any of them; (b) is, may be deemed, or shall be used, offered, or received
20 against Defendants, as an admission, concession or evidence of any fault, misrepresentation, or
21 omission with respect to any statement or written document approved or made by the Released
22 Parties, or any of them; (c) is, may be deemed, or shall be used, offered, or received against the
23 Released Parties, or each or any of them, as an admission or concession with respect to any
24 liability, negligence, fault, or wrongdoing as against any Released Parties, in any civil, criminal,
25 or administrative proceeding in any court, administrative agency, or other tribunal.  However, the
26 Settlement Agreement, and any acts performed and/or documents executed in furtherance of or
27 pursuant to the Settlement Agreement may be used in any proceedings as may be necessary to
28

1  effectuate the provisions of the Settlement Agreement. Further, if the Settlement Agreement is
2  approved by the Court, any Party or any of the Released Parties may file the Settlement Agreement
3  and/or the Final Judgment in any action that may be brought against such Party or Parties in order
4  to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release,
5  good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue
6  preclusion or similar defense or counterclaim; (d) is, may be deemed, or shall be construed against
7  Plaintiff, the Settlement Class, the Releasing Parties, or each or any of them, or against the
8  Released Parties, or each or any of them, as an admission or concession that the consideration to
9  be given hereunder represents an amount equal to, less than, or greater than that amount that could
10 have or would have been recovered after trial; and (e) is, may be deemed, or shall be construed as
11 or received in evidence as an admission or concession against Plaintiff, the Settlement Class, the
12 Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them,
13 that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action
14 would have exceeded or would have been less than any particular amount.

15      19.    If the Settlement Agreement is terminated or fails to become effective for the
16 reasons set forth above, the Parties shall be restored to their respective positions as of the date of
17 the signing of the Settlement Agreement. In such event, any Final Judgment or other order entered
18 by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated,
19 *nunc pro tunc*, and the Parties shall be returned to the status *quo ante* as if the Settlement
20 Agreement had never been entered into.

21      20.    Pending final determination of whether the proposed Settlement Agreement shall
22 be approved, neither Plaintiff nor any Settlement Class Member, directly or indirectly, or in any
23 other capacity, may commence or prosecute against Defendants, any action or proceeding in any
24 court or tribunal asserting any of the Released Claims.

25      21.    Pending final determination of whether the proposed Settlement Agreement should
26 be approved, Defendants shall not, directly or indirectly, representatively, or in any other capacity,

SETTLEMENT - 3:22-cv-06987-JD                                                                                      - 7 -
4905-3329-4892.v2

commence or prosecute against Plaintiff or any Settlement Class Member, or Class Counsel, any action or proceeding in any court or tribunal asserting any Releasing Defendants' Claims.

IT IS SO ORDERED.

DATED: _____

THE HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE