UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATHAN COLOMBO, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

YOUTUBE, LLC and GOOGLE LLC,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:22-cv-06987-JD

**ORDER RE PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

4935-0849-1607.v1

The Court grants preliminary approval of the classwide settlement presented by the parties. This order is based on a proposed order lodged by the parties and modified according to the Court's practices and conclusions. The parties are advised to read it carefully in full for changes from the lodged version.

1.    The Court conditionally certifies the following Settlement Class:

All residents of the State of Illinois who uploaded a video to YouTube, on which Face Blur was run at any time up to the date of this Order.

2.    The Settlement Class is ascertainable; it consists of thousands of Settlement Class Members satisfying numerosity; there are common questions of law and fact, including whether Defendant YouTube, LLC's and Google LLC's (collectively, "YouTube" or "Defendants") use of the Face Blur feature violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et. seq.*, satisfying commonality; the proposed Class Representative's claim is typical in that he is a Member of the Settlement Class and alleges that he uploaded a video to YouTube on which Face Blur was run and that he has been damaged by the same conduct as the other Members of the Settlement Class; the proposed Class Representative and Class Counsel fairly and adequately represent the interests of the Settlement Class; questions of law and fact common to Members of the Settlement Class predominate over questions affecting only individual Members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

3.    For purposes of settlement only, the Court appoints Plaintiff Nathan Colombo as the Class Representative and the Court appoints the law firms of Robbins Geller Rudman & Dowd LLP and Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel.

4.    Considering the factors set forth in Fed. R. Civ. P. 23(e)(2), the Court preliminarily finds as follows:

(a)    Class Representative and Class Counsel have adequately represented the Settlement Class;

- 1 -

(b)    the Settlement was the result of serious, informed, non-collusive negotiations at arms-length with the assistance of Shirish Gupta of JAMS, a well-respected and experienced private mediator;

(c)    the relief provided to the Settlement Class is adequate given the risks and uncertainty of continued litigation and trial; and

(d)    the proposal treats all Settlement Class Members equitably relative to each other.

5.    The Court finds that the terms of the Settlement are sufficiently fair, reasonable, and adequate to allow dissemination of the Notice to Members of the Settlement Class.  This determination is not a final finding that the Settlement is fair, reasonable and adequate, but it is a determination that the Settlement is within the range of reasonableness as to disseminate notice to the Settlement Class and hold a hearing on final approval of the proposed Settlement.

6.    A hearing (the "Final Approval Hearing") is set for December 30, 2025, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Courtroom 11, 19th Floor, to determine (a) whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to Settlement Class Members and should be approved by the Court; (b) whether a Final Judgment should be entered; (c) whether the proposed plan of allocation is fair, reasonable, and adequate and should be approved; (d) the Fee Award that should be awarded to Class Counsel; and (e) any award to the Class Representative.  The Final Approval Hearing may be postponed, adjourned, or continued by further order of this Court, without further notice to the parties or Members of the Settlement Class.

7.    The Court appoints Verita Global, LLC, as the Settlement Administrator to perform all of the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.  The Settlement Administrator will provide Notice as set forth in Section 6 of the Settlement Agreement.

- 2 -

8. To the extent it has not already done so, by August 11, 2025, Defendants will produce to the Settlement Administrator the Direct Notice List.

9. By September 1, 2025, the Settlement Administrator will: (a) disseminate notice of the pendency and settlement of this Action to each email address included on the Direct Notice List substantially in the form attached as Exhibit B to the Settlement Agreement, with a link to a Spanish language version; (b) cause the Notice substantially in English and Spanish in the form attached as Exhibit A to the Settlement Agreement, relevant Court documents, and frequently asked questions and answers to be posted to the Settlement Website; and (c) arrange for an Internet banner ad campaign generating approximately 1.865 million impressions targeting Illinois YouTube users and Illinois adults 18 years of age or older via the Meta Audiences Network. No later than November 16, 2025, the Settlement Administrator will send a reminder notice substantially in the form attached as Exhibit B to the Settlement Agreement, with a link to a Spanish language version, to each email address included on the Direct Notice List.

10. The Court finds that the distribution of the Notice, substantially in the manner and forms set forth in this Order meet the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons so entitled.

11. The Settlement Website and Notice will provide an address (U.S. mail and email) for the purpose of receiving requests for exclusion from the Settlement Class and will include the ability to file claims online. Settlement Class Members will have until November 30, 2025 to submit a Claim Form substantially in the form attached as Exhibit C to the Settlement Agreement, the content and form of which the Court approves.

12. No later than thirty-five (35) days prior to the Objection/Exclusion deadline, Plaintiff must file his papers in support of Class Counsel's application for attorneys' fees and expenses and in support of final approval of the Settlement Agreement, and no later than seven (7) days prior to the Final Approval Hearing, Plaintiff must file his response to any objections.

13. All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing to the Settlement Administrator, postmarked no later than the Objection/Exclusion deadline of twenty-one (21) days prior to the Final Approval Hearing. To exercise the right to be excluded, a Settlement Class Member must timely send a written request for exclusion to the Settlement Administrator providing his/her name, address, email, signature, the name and number of the Action, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of the Settlement Agreement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the person(s) serving such a request shall remain a Member(s) of the Settlement Class and shall be bound as a Settlement Class Member by the Settlement Agreement, if approved. Any Member of the Settlement Class who validly elects to be excluded from the Settlement Agreement shall not: (a) be bound by any orders or the Final Judgment; (b) be entitled to relief under the Settlement Agreement; (c) gain any rights by virtue of the Stipulation; or (d) be entitled to object to any aspect of the Settlement Agreement. The request for exclusion must be personally signed by the person requesting exclusion. To be valid, a request for exclusion must be postmarked or received by the date specified in this Order and the Notice.

14. Any Settlement Class Member who intends to object to the Settlement Agreement and/or the request for a Fee Award, must present the objection in writing only to the Court, which must be personally signed by the objector, and must include: (a) the objector's name, address, and email; (b) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (c) whether the objection applies only to the objector, a subset of the Settlement Class, or the entire Settlement Class; (d) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (e) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection; and (f) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel).

15. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Order and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, will not be permitted to object to the Settlement Agreement at the Final Approval Hearing, and will be foreclosed from seeking any review of the Settlement Agreement by appeal or other means and will be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

16. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and will remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order (s) of the Court.

17. Neither Defendants nor their counsel will have any responsibility for the plan of allocation or any application for attorneys' fees or expenses submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement Agreement.

18. Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement: (a) is, may be deemed or used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the Settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them; (b) is, may be deemed, or shall be used, offered, or received against Defendants, as an admission, concession or evidence of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Released Parties, or any of them; (c) is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault, or wrongdoing as against any Released Parties, in any civil, criminal, or administrative proceeding in any court,

- 5 -

administrative agency, or other tribunal.  However, the Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to the Settlement Agreement may be used in any proceedings as may be necessary to effectuate the provisions of the Settlement Agreement.  Further, if the Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file the Settlement Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; (d) is, may be deemed, or shall be construed against Plaintiff, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount that could have or would have been recovered after trial; and (e) is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

19.    If the Settlement Agreement is terminated or fails to become effective for the reasons set forth above, the Parties shall be restored to their respective positions as of the date of the signing of the Settlement Agreement.  In such event, any Final Judgment or other order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the status *quo ante* as if the Settlement Agreement had never been entered into.

20.    Pending final determination of whether the proposed Settlement Agreement will be approved, neither Plaintiff nor any Settlement Class Member, directly or indirectly, or in any other capacity, may commence or prosecute against Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

21.    Pending final determination of whether the proposed Settlement Agreement should be approved, Defendants may not, directly or indirectly, representatively, or in any other capacity, commence or prosecute against Plaintiff or any Settlement Class Member, or Class Counsel, any action or proceeding in any court or tribunal asserting any Releasing Defendants' Claims.

**IT IS SO ORDERED**.

DATED:   _July 25, 2025_____

_____
JAMES DONATO
UNITED STATES DISTRICT JUDGE