UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN COLOMBO, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>　　　　　　　　　Defendants. | Case No. 3:22-cv-06987-JD<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>Judge: Hon. James Donato<br>Ctrm: 11<br>Hearing Date: December 30, 2025<br>Time: 10:00 a.m. |

1    This matter came before the Court for hearing pursuant to the Order of this Court, dated July 25, 2025, Doc. 117 ("Preliminary Approval Order") on the application of the Parties for approval of the Settlement set forth in the Stipulation of Class Action Settlement dated May 21, 2025 (the "Settlement Agreement"), previously filed as part of the Joint Declaration in Support of the Unopposed Motion for Preliminary Approval. ECF No. 113-1. Due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

   1.   This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise stated herein.

   2.   This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class. This Court also has jurisdiction to approve the Settlement Agreement, including all exhibits thereto.

   3.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Preliminary Approval Order, which certified, for purposes of effectuating the Settlement, a Settlement Class defined as all residents of the State of Illinois who uploaded a video to YouTube, on which Face Blur was run at any time up to the date of the Preliminary Approval Order. Excluded from the Settlement Class are: (a) any Judge, Magistrate Judge, or mediator presiding over this Action and members of their families; (b) Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which Defendants or its parents have a controlling interest and its current or former employees, officers, and directors; (c) persons who properly executed and filed a timely request for exclusion from the Settlement Class, a complete list of whom is provided as Exhibit A hereto; (d) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (e) Plaintiff's counsel and Defendants' counsel; and (f) the legal representatives, successors, and assigns of any such excluded persons.

4.      With respect to the Settlement Class, this Court finds for the purposes of effectuating the Settlement that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court confirms that Plaintiff Nathan Colombo is appointed as the representative of the Settlement Class and Class Counsel is appointed as counsel to the Settlement Class representative and the Settlement Class in the Action.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that:

(a)     in light of the benefits to the Settlement Class and the complexity and expense of further litigation, the Settlement Agreement and the Settlement contained therein are, in all respects, fair, reasonable and adequate;

(b)     there was no collusion in connection with the Settlement Agreement;

(c)     Plaintiff and Class Counsel have adequately represented the Settlement Class;

(d)     the Settlement Agreement was the product of informed, arm's-length negotiations among competent, able counsel;

(e) the relief provided for the Settlement Class is adequate, having taken into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member's claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3); and

(f) the record is sufficiently developed and complete to have enabled Plaintiff and Defendants to have adequately evaluated and considered their positions.

7. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof. Except as to any individual claim of those persons who have validly and timely requested exclusion from the Settlement Class (all of whom are identified in Exhibit A hereto), the Action and all claims contained therein are dismissed with prejudice as to the Plaintiff, and the other Settlement Class Members and as against each and all of the Released Parties. The Parties are to bear their own costs except as otherwise provided in the Settlement Agreement.

8. Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally and forever, released, relinquished, and discharged, all Released Claims against the Released Parties, and each of them. Claims to enforce the terms of the Settlement Agreement are not released.

9. Upon the Effective Date, the Released Parties shall by operation of this Final Judgment have, fully, finally and forever released, relinquished, and discharged all claims against Plaintiff, the Settlement Class, and Class Counsel that arise out of or relate in any way to the commencement, prosecution, settlement, or resolution of the Action. Claims to enforce the terms of the Settlement Agreement are not released.

10. Upon entry of this Final Judgment, the Releasing Parties, and each of them, shall be barred from initiating, asserting, or prosecuting against the Released Parties any Released Claims. In the event any member of the Settlement Class attempts to prosecute an action in contravention of this Final Judgment and the Settlement Agreement, counsel for any of the Parties

may forward the Settlement Agreement and this Final Judgment to such Settlement Class Member and advise him or her of the releases provided pursuant to the Settlement Agreement. If so requested by Defendants or Defendants' Counsel, Class Counsel shall provide this notice.

11. The distribution of the Email Notice, Reminder Notice, and Claim Form, and publication of the Summary Notice as provided for in the Preliminary Approval Order, and additional notice efforts undertaken by the Settlement Administrator, constituted the best notice practicable under the circumstances, including individual notice to Settlement Class Members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable law. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Settlement Class are bound by this Final Judgment.

12. Any order entered regarding Class Counsel's attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment. Any order or proceeding relating to Class Counsel's attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of this Final Judgment in this Action.

13. Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Final Judgment, the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement:

    (a) is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the Settlement Amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

    (b) is, may be deemed, or shall be used, offered or received against Defendants, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

    (c) is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, the Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to the Settlement Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of the Settlement Agreement. Further, any of the Parties may file the Settlement Agreement and/or this Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, Final Judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

    (d) is, may be deemed, or shall be construed against Plaintiff, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

    (e) is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff, the Settlement Class, the Releasing Parties, or each and

any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

14. The Court finds that Defendants have satisfied their financial obligation under the Settlement Agreement by paying or causing to be paid $6,022,500 to the Settlement Fund, in accordance with ¶3.1 of the Settlement Agreement.

15. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Settlement.

16. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Action.

17. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, then this Final Judgment shall be vacated, *nun pro* tunc, and the Parties shall be returned to the *status quo ante* as if the Settlement Agreement had never been executed.

18. The Parties shall bear their own costs and expenses except as otherwise provided in the Settlement Agreement or in this Final Judgment.

19. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

20. The Court finds that there is no just reason for delay in entering this final judgment, and directs immediate entry of this Final Judgment by the Clerk of the Court.

21. The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

1       IT IS SO ORDERED.

2

3   DATED: _____   _____
4                                               HONORABLE JAMES DONATO
                                            UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28