UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATHAN COLOMBO, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

YOUTUBE, LLC and GOOGLE LLC,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:22-cv-06987-JD

**ORDER RE FINAL APPROVAL OF CLASS ACTION SETTLEMENT, JUDGMENT, AND ATTORNEYS' FEES AND COSTS**

This order is based on a draft lodged by the parties and modified by the Court's practices and conclusions.  It should be read in its entirety for changes.

1.    This order incorporates by reference the definitions in the Settlement Agreement, and all terms have the same meanings as in the Settlement Agreement, unless otherwise stated.

2.    The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class. The Court has jurisdiction to approve the Settlement Agreement.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court affirms its determination in the Preliminary Approval Order, which certified, for purposes of effectuating the Settlement, a Settlement Class defined as all residents of the State of Illinois who uploaded a video to YouTube, on which Face Blur was run at any time up to the date of the Preliminary Approval Order. Excluded from the Settlement Class are: (a) any Judge, Magistrate Judge, or mediator presiding over this Action and members of their families; (b) Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which Defendants or its parents have a controlling interest and its current or former employees, officers, and directors; (c) persons who properly executed and filed a timely request for exclusion from the Settlement Class, a complete list of whom is provided as Exhibit A hereto; (d) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (e) Plaintiff's counsel

and Defendants' counsel; and (f) the legal representatives, successors, and assigns of any such excluded persons.

4.      For the purposes of the Settlement: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

5.      Plaintiff Nathan Colombo is appointed as the representative of the Settlement Class and Class Counsel is appointed as counsel to the Settlement Class representative and the Settlement Class in the Action.

6.      The Settlement Agreement is granted final approval:

(a)      the Settlement Agreement is fair, reasonable and adequate;

(b)      there was no indication of collusion in connection with the Settlement Agreement;

(c)      Plaintiff and Class Counsel have adequately represented the Settlement Class;

(d)      the Settlement Agreement was the product of arm's-length negotiations;

(e)      the relief provided for the Settlement Class is adequate in light of: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member's claims; (iii) the terms of any proposed award of attorneys' fees, including timing of

payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3); and

(f)    the record is sufficiently developed and complete to have enabled Plaintiff and Defendants to have adequately evaluated and considered their positions.

7.    The Court approves all of the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof. Except as to any individual claim of those persons who have validly and timely requested exclusion from the Settlement Class (all of whom are identified in Exhibit A hereto), the Action and all claims contained therein are dismissed with prejudice as to the Plaintiff, and the other Settlement Class Members and as against each and all of the Released Parties. The Parties are to bear their own costs except as otherwise provided in the Settlement Agreement.

8.    Upon the Effective Date, the Releasing Parties, and each of them, are deemed to have, and by operation of this Final Judgment shall have, fully, finally and forever, released, relinquished, and discharged, all Released Claims against the Released Parties, and each of them. Claims to enforce the terms of the Settlement Agreement are not released.

9.    Upon the Effective Date, the Released Parties are by operation of this Final Judgment have, fully, finally and forever released, relinquished, and discharged all claims against Plaintiff, the Settlement Class, and Class Counsel that arise out of or relate in any way to the commencement, prosecution, settlement, or resolution of the Action. Claims to enforce the terms of the Settlement Agreement are not released.

10.    Upon entry of this Final Judgment, the Releasing Parties, and each of them, are barred from initiating, asserting, or prosecuting against the Released Parties any Released Claims. In the event any member of the Settlement Class attempts to prosecute an action in contravention of this Final Judgment and the Settlement Agreement, counsel for any of the Parties may forward the Settlement Agreement and this Final Judgment to such Settlement Class Member and advise him or her of the releases provided pursuant to the Settlement Agreement. If so requested by Defendants or Defendants' Counsel, Class Counsel will provide this notice.

11.    The distribution of the Email Notice, Reminder Notice, and Claim Form, and publication of the Summary Notice as provided for in the Preliminary Approval Order, and additional notice efforts undertaken by the Settlement Administrator, constituted the best notice practicable under the circumstances, including individual notice to Settlement Class Members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable law. No Settlement Class Member is relieved from the terms of the Settlement, including the releases, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Settlement Class are bound by this Final Judgment.

12.    An order entered for Class Counsel's attorneys' fee and expense application will not disturb or affect this Final Judgment and will be considered separate from this Final Judgment. Any order or proceeding relating to Class Counsel's attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, will not affect or delay the finality of this Final Judgment in this Action.

13.    Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Final Judgment, the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement:

(a)    may be deemed, used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of

the Settlement Amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)     may be deemed, used, offered or received against Defendants, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)     may be deemed, used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, the Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to the Settlement Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of the Settlement Agreement. Further, any of the Parties may file the Settlement Agreement and/or this Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, Final Judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d)     may be deemed or construed against Plaintiff, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(e)     may be deemed or construed as or received in evidence as an admission or concession against Plaintiff, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

14. Defendants have satisfied their financial obligation under the Settlement Agreement by paying or causing to be paid $6,022,500 to the Settlement Fund, in accordance with ¶3.1 of the Settlement Agreement.

15. The Court retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all parties for the purpose of construing, enforcing, and administering the Settlement.

16. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, then this Final Judgment shall be vacated, *nun pro* tunc, and the Parties shall be returned to the *status quo ante* as if the Settlement Agreement had never been executed.

17. The Parties will bear their own costs and expenses except as otherwise provided in the Settlement Agreement or in this Final Judgment.

18. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

19. There is no just reason for delay in entering this final judgment.

20. Notice of Class Counsel's motion for attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for attorneys' fees, expenses, and service award met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

21. The Court awards Class Counsel attorneys' fees in the amount of $1,505,625.00. This is the total awarded to all attorneys acting on behalf of the class. The award is 25% of the Settlement Amount, and is said by Class Counsel to equate to a negative multiplier of 0.44 on their fees lodestar.  The Court awards expenses in the amount of $185,420.00. The fees awarded are fair and reasonable.

22.    The awarded attorneys' fees are subject to a holdback of 25% pending the filing of a post-distribution accounting under the District's Procedural Guidance for Class Action Settlements.  The holdback may not be released to Class Counsel until ordered by the Court.  The remainder of the attorney's fees and costs award may be paid to Class Counsel from the Settlement Fund within three (3) business days of the later on: (a) entry of the Final Judgment; or (b) an Order granting such Fee Award, subject to the terms, conditions, and obligations of the Settlement Agreement, the terms, conditions, and obligations of which are incorporated herein.

23.    In making this award of fees and expenses to Class Counsel, the Court has considered and found that:

(a)    the Settlement has created a fund of $6,022,500 in cash plus accrued interest, and numerous Settlement Class Members who submit, or have submitted, Approved Claims will benefit from the Settlement created by Class Counsel;

(b)    over 20,000 Email Notices were sent to potential Settlement Class Members indicating that Class Counsel would move for attorneys' fees not to exceed 25% of the Settlement Amount and for expenses, and no objections to the fees or expenses were filed by Settlement Class Members;

(c)    Class Counsel pursued the Action and achieved the Settlement with adequate skill;

(d)    Class Counsel expended substantial time and effort pursuing the Action on behalf of the Settlement Class;

(e)    Class Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee amount has been contingent on the result achieved;

(f)    the Action involves factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain; and

(g)    had Class Counsel not achieved the Settlement, there would remain a significant risk that the Settlement Class may have recovered less or nothing from Defendants.

24. Plaintiff Nathan Colombo is awarded $1,500 from the Settlement Fund for service to the Settlement Class, which warrants an increase award vis-à-vis other class members. *See* Fed. R. Civ. P. 23(3)(2)(D).

IT IS SO ORDERED.

DATED:  February 2, 2026

_____

JAMES DONATO
UNITED STATES DISTRICT JUDGE